1

2

3

4

5

6

UNITED STATES DISTRICT COURT
7   FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
8

| | |
|---|---|
| SPENCER ALPERT, | ) |
| | ) |
| Plaintiff, | ) Case No. CV15-1164 |
| | ) |
| v. | ) **NOTICE OF REMOVAL TO** |
| | ) **FEDERAL COURT** |
| NATIONSTAR MORTGAGE LLC, a | ) |
| Delaware Limited Liability Company, | ) |
| HARWOOD SERVICE COMPANY a | ) |
| Delaware Corporation, AMERICAN | ) |
| SECURITY INSURANCE COMPANY a | ) |
| Delaware Corporation, STANDARD | ) |
| GUARANTY INSURANCE COMPANY a | ) |
| Delaware Corporation and ASSURANT INC., | ) |
| a Delaware Corporation, | ) |
| | ) |
| Defendants. | ) |
| | ) |

18          I.  **INTRODUCTION**

19          Defendants Nationstar Mortgage, LLC ("Nationstar") and Harwood Service Company,

20   LLC ("Harwood") give notice of the removal of this action to United States District Court for

21   the Western District of Washington at Seattle.   The basis for removal is both (1) federal

22   question jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C.

23   § 1367(a); and (2) diversity jurisdiction under 28 U.S.C. § 1332(a).

24          II.  **BACKGROUND**

25          On or about July 2, 2015, Plaintiff Spencer Alpert ("Alpert") served Harwood with an

26   unfiled Summons and Complaint in this lawsuit ("State Court Action").[1]   A true and correct

27
---
[1] Declaration of Abraham K. Lorber in Support of Notice of Removal ("Lorber Decl.") ¶¶ 2-3.

NOTICE OF REMOVAL TO FEDERAL COURT - 1
Case No. CV15-1164

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

128018.0036/6386426.1

1   copy of the Complaint is attached hereto.  A true and correct copy of the Summons is attached

2   to the accompanying declaration of Abraham K. Lorber in Support of Notice of Removal.[2]

### III. STATUTORY REQUIREMENTS

4   **A.      Federal Question Jurisdiction**

5          28 U.S.C. § 1331 provides: "The district courts shall have original jurisdiction of all

6   civil actions arising under the Constitution, laws, or treaties of the United States."  Here,

7   Alpert alleges violations of the Truth In Lending Act, 15 U.S.C. § 1601, *et seq.* and violation

8   of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c).[3]  These are

9   both "laws of the United States" and thus fall under the Court's federal question jurisdiction.

10         28 U.S.C. § 1367 provides in relevant part:

11         [I]n any civil action of which the district courts have original jurisdiction, the district
           courts shall have supplemental jurisdiction over all other claims that are so related to
12         claims in the action within such original jurisdiction that they form part of the same
           case or controversy under Article III of the United States Constitution.
13
14         Here, Alpert's state laws causes of action are so related to his general claims regarding

15  "force placed" insurance that they form part of the same case or controversy.  Thus, the Court

16  has jurisdiction over the state law claims under its supplemental jurisdiction.

    **B.      Diversity Jurisdiction**

17         28 U.S.C. § 1332(a) provides in relevant part: "The district courts shall have original

18  jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of

19  $75,000, exclusive of interest and costs, and is between — (1) citizens of different States[.]"

20         **1.      Complete Diversity of Citizenship.**

21         **Plaintiff Alpert** is a King County resident and is therefore a citizen of Washington for

22  Washington for diversity purposes.[4]

23  //

24  //

25

26  _____

27  [2] *See* Wash. CR 3(a) (action commenced either by service or filing of summons and complaint).
    [3] Compl. pp. 25, 29.
    [4] Compl. ¶ 2.

NOTICE OF REMOVAL TO FEDERAL COURT - 2
Case No. CV15-1164

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

128018.0036/6386426.1

1     **Defendant Nationstar** is an LLC ultimately wholly-owned by Nationstar Mortgage

2     Holdings, Inc.[5], a Delaware corporation headquartered in Texas.  Nationstar is therefore a

3     citizen of Delaware and Texas for diversity purposes.

4      **Defendant Harwood** is an LLC ultimately wholly-owned by Nationstar Mortgage

5     Holdings, Inc.[6], a Delaware corporation headquartered in Texas.  Nationstar is therefore a

6     citizen of Delaware and Texas for diversity purposes.

7     **Defendant Assurant Inc.** ("Assurant") is a Delaware corporation with its principle

8     office in New York, New York.[7]  Assurant is therefore a citizen of Delaware and New York

9     for diversity purposes.

10    **Defendant American Security Insurance Company** ("ASIC") is a Delaware

11    corporation with its principle office in Atlanta, Georgia.[8]  ASIC is therefore a citizen of

12    Delaware and Georgia for diversity purposes.

13    **Defendant Standard Guaranty Insurance Company** ("SGIC") is a Delaware

14    corporation with its principle office in Atlanta, Georgia.[9]  SGIC is therefore a citizen of

15    Delaware and Georgia for diversity purposes.

16    Plaintiff is a citizen of Washington.  Defendants are citizens of Texas, Delaware, New

17    York, and Georgia.  There is therefore complete diversity amongst the parties.

18    **2.    Amount in Controversy**

19    Alpert claims that Defendants have wrongfully charged him $17,318.00.[10]  Alpert

20    further seeks treble damages under the Washington Consumer Protection Act, which may be

21    awarded in the amount of up to $25,000.00.[11]  Also, Alpert seeks injunctive relief preventing

22    defendants from charging for insurance in the future.[12]  Alpert took out the subject loan on or

23

---

[5] *See* contemporaneously filed Corporate Disclosure Statement.
[6] *Id.*
[7] Compl. ¶ 5.
[8] *Id.* at  ¶ 6; counsel for ASIC confirms via email that it is headquartered in Atlanta, Georgia.
[9] Compl. ¶ 7; counsel for SGIC confirm via email that it is headquartered in Atlanta, Georgia.
[10] Compl. ¶ 42.
[11] *Id.* at p. 34; RCW 19.86.090.
[12] Compl. p. 34.

NOTICE OF REMOVAL TO FEDERAL COURT - 3
Case No. CV15-1164

128018.0036/6386426.1

about August 28, 2006 and promised to repay the debt in full by September 1, 2036.[13] With premiums at over $5,000 per year[14] and assuming that the subject insurance was first placed in 2012, Alpert's complaint places at least $120,000 worth of annual premiums at issue (24 years x $5,000).[15]   Finally, Alpert's claims for violation of the Consumer Protection Act, the Truth in Lending Act, and the Racketeer Influenced Corrupt Organizations Act all come with a potential statutory award of attorney fees.   Attorney's fees may also be considered in determining the amount in controversy if such fees are recoverable by plaintiff, either by statute or by contract. *Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1009 (E.D. Cal. 2011) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir.1998)).

Taking actual damages, treble damages, the value of the injunctive relief sought, the object of the litigation, and attorney's fees all together, the amount in controversy requirement is more than satisfied.

## IV.  PROCEDURAL REQUIREMENTS

Signature.  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

Venue.  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is filed in the United States District Court for the Western District of Washington at Seattle, which is the federal district court embracing the state court where the State Court Action is purportedly venued, King County, Washington.

Removal Is Timely.  Where a Plaintiff has served a Defendant with a copy of the summons and complaint but has not filed them, the 30-day removal timeline nonetheless commences from the date of service of both the summons and complaint.  *Murphy Bros., Inc. v. Maced. Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L. Ed. 2d 448 (1999). In the Western District of Washington, there is no requirement that the case actually be filed in state court before commencing removal.  *Pacuska v. Allied Van Lines, Inc.*, 2006 WL

---

[13] Deed of Trust ¶ F, Ex. B to Lorber Decl.; Compl ¶ 2.
[14] *See* Compl. ¶ 39.
[15] *See* Compl. Ex. A.

NOTICE OF REMOVAL TO FEDERAL COURT - 4
Case No. CV15-1164

**LANE POWELL PC**
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128018.0036/6386426.1

521596, *4 (W.D. Wash., Mar. 2, 2006) (remanding a case which had been removed after 30 days had passed from the date of service of the summons and complaint, but within 30 days of the filing of the summons and complaint, and noting, "There is nothing in the removal statute that requires a state court filing as a prerequisite to filing a notice of removal"). Harwood was served with the State Court Action on July 2, 2015. Removal is therefore timely. 28 U.S.C. § 1446(b)(2)(B).

Consent. Nationstar and Harwood consent to removal. Defendants American Security Insurance Company, Standard Guaranty Insurance Company, and Assurant Inc. have consented to removal through counsel.

Notice. Pursuant to 28 U.S.C. § 1446(d), Nationstar and Harwood will promptly serve on Alpert and file with this Court its Notice to Plaintiff of Removal to Federal Court, informing Alpert that this matter has been removed to federal court. In the event Alpert files the State Court Action in state court, Nationstar and Harwood will also serve on the King County Superior Court Clerk a Notice to Clerk of Removal to Federal Court.

WHEREFORE, this action should proceed in the United States District Court for the Western District of Washington at Seattle, as an action properly removed thereto.

DATED: July 22, 2015.

LANE POWELL PC

By s/ Andrew G. Yates
Andrew G. Yates, WSBA No. 34239
yatesa@lanepowell.com

By s/ Abraham K. Lorber
Abraham K. Lorber, WSBA No. 40668
lorbera@lanepowell.com

1420 Fifth Avenue, Suite 4200
PO Box 91302
Seattle, WA 98111-9402
T: 206.223.7000
F: 206.223.7107

Attorneys for Defendants Nationstar Mortgage, LLC and Harwood Service Company, LLC

NOTICE OF REMOVAL TO FEDERAL COURT - 5
Case No. CV15-1164

LANE POWELL PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000 FAX: 206.223.7107

128018.0036/6386426.1

1

## CERTIFICATE OF SERVICE

2      I certify that on the date indicated below I caused a copy of the foregoing document to

3   be filed with the Clerk of the Court via the CM/ECF system.  In accordance with their ECF

4   registration agreement and the Court's rules, the Clerk of the Court will send e-mail

5   notification of such filing to the attorneys of record.

6      I affirm under penalty of perjury under the laws of the State of Washington and the

7   United States that the foregoing is true and correct to the best of my knowledge.

8      SIGNED July 22, 2015 at Seattle, Washington.

9

10                                    _s/ Peter Elton_____

11                                    Peter Elton

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

NOTICE OF REMOVAL TO FEDERAL COURT - 6
Case No. CV15-1164

**LANE POWELL** PC
1420 FIFTH AVENUE, SUITE 4200
P.O. BOX 91302
SEATTLE, WA 98111-9402
206.223.7000  FAX: 206.223.7107

128018.0036/6386426.1