HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SPENCER ALPERT,

           Plaintiff,

   v.

NATIONSTAR MORTGAGE LLC, et al.,

           Defendants.

CASE NO. C15-1164 RAJ

ORDER

This matter comes before the Court on Plaintiff's motion to compel production of documents and sanctions. Dkt. # 83. Defendants oppose the motion. Dkt. # 85. For the reasons that follow, the Court GRANTS in part and DENIES in part the motion.

The Court is disappointed with the breakdown in civility between the parties and their counsel. Defendants contend that Plaintiff did not properly meet and confer with them because, had he done so, this motion would not have been filed. Dkt. # 85 at 2. Plaintiff claims he did properly meet and confer; he attaches a letter that his counsel submitted to Defendants' counsel describing various discovery issues that appear in the pending motion. Dkt. # 84-9. It is abundantly clear to this Court that the parties have relegated their discovery approach to standards that do not conform to the minimum levels of civility. This

ORDER- 1

Court has an extremely challenging and congested motions docket. Consequently, this Court has limited time and resources to dedicate to the parties' discovery antics which can best be described as playing games. While those tactics may be appropriate for the playground, they will not be tolerated with this Court.

The Court has broad discretion to control discovery. *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Avila v. Willits Envtl. Remediation Trust*, 633 F.3d 828, 833 (9th Cir. 2011), *In re Sealed Case*, 856 F.2d 268, 271 (D.C. Cir. 1988). That discretion is guided by several principles. Most importantly, the scope of discovery is broad. A party must respond to any discovery request that is not privileged and that is "relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

If a party refuses to respond to discovery, the requesting party "may move for an order compelling disclosure or discovery." Fed. R. Civ. P. 37(a)(1). "The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997).

The parties agree that Defendants will produce the agreements between Nationstar, Harwood, and Assurant Specialty Properties, as well as make their designee available for a continued deposition. Dkt. # 85 at 2. Therefore, Plaintiff's motion is MOOT with regard to these requests for relief.

Plaintiff moves the Court for an order permitting his experts to amend or modify their opinions. Dkt. # 83. The Court has already denied such relief. Dkt. # 80 at 2. The Court will not entertain such a delayed argument to reconsider that order and therefore DENIES this request for relief.

Plaintiff seeks production of any other records that have not been disclosed regarding insurance policies placed on other Washington borrowers. Dkt. # 83. The Court finds that this discovery request is appropriately related to Plaintiff's CPA claim and therefore GRANTS the motion with regard to this request.

In their opposition, Defendants alert the Court to Plaintiff's violation of the District's Local Rules. Dkt. # 85 at 3. Defendants state—and Plaintiff concedes—that he conducted the Rule 30(b)(6) deposition of Mr. Hyne without counsel. Dkt. # 83 at 7. This is a blatant violation of this District's Local Rules and it appears to be a complete abdication of responsibility on behalf of Plaintiff's counsel. Local Rules W.D. Wash. LCR 83.2(b)(5). The Court admonishes Plaintiff and his counsel; the Court will consider sanctioning both Plaintiff and his counsel should they continue to act in ways abhorrent to this federal forum.

It is unclear to the Court how the parties have been cooperating with each other, but it is clear that they have not been doing so in a productive and collegial manner. The Court has low tolerance for gamesmanship. The Court expects the parties to cooperate and display a higher level of professionalism as this lawsuit proceeds or sanctions will be imposed. Ultimately, however, the Court declines to impose sanctions at this time. The parties are responsible for their costs on this motion and the opposition.

Dated this 21st day of June, 2018.

*Richard A. Jones*
The Honorable Richard A. Jones
United States District Judge