HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SPENCER ALPERT,

          Plaintiff,

     v.

NATIONSTAR MORTGAGE LLC,
et al.,

          Defendants.

CASE NO. C15-1164 RAJ

ORDER

This matter comes before the Court on Plaintiff's Motion to File Exhibit 3-A to the
Declaration of Jason E. Anderson Under Seal ("Motion to Seal"). Dkt. # 107. Plaintiff
seeks to file under seal certain documents produced by Defendants and designated as
"CONFIDENTIAL." *Id*. at 1. Plaintiff attaches these documents as exhibits to a
declaration in support of its summary judgment motion. Dkt. # 106.

"There is a strong presumption of public access to the court's files." Western
District of Washington Local Civil Rule ("LCR") 5(g). "Only in rare circumstances
should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the

moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However, where parties have entered a stipulated protective order governing the exchange in discovery of documents that a party deems confidential, "a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir. 2003).

Defendants have not filed any response to Plaintiff's Motion to Seal. Although Plaintiff believes that the documents have the "look and feel of a trade secret," this Court operates on factual findings, not feelings. Dkt. # 107 at 2. Plaintiff's cursory review and opinion of the materials does not satisfy Local Rule 5(g). Defendants, as the parties designating these documents, have not met their burden to provide a "specific statement" articulating why these documents should be kept under seal. LCR 5(g)(3). No party has overcome the "strong presumption of public access to the court's files." LCR 5(g).

The Court accordingly **DENIES** Plaintiff's Motion to Seal. Dkt. # 107. **Defendants shall have twenty-one (21) days from the date of this Order to explain to this Court why these documents should be kept under seal**.

If Defendants fail to make such a showing, the Clerk is directed to unseal Dkt. # 106.

Dated this 21st day of August, 2018.

The Honorable Richard A. Jones
United States District Judge