HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SPENCER ALPERT,

    Plaintiff,

  v.

NATIONSTAR MORTGAGE LLC, et al.,

    Defendants.

CASE NO. C15-1164 RAJ

ORDER

This matter comes before the Court on Defendants' Second Motion to File Exhibit 3-A to the Declaration of Jason E. Anderson Under Seal ("Motion to Seal"). Dkt. # 119. Defendants seeks to file under seal certain exhibits to a declaration in support of its summary judgment motion. Dkt. # 106. Initially, these documents were the subject of a Motion to Seal filed by Plaintiffs, to which Defendants did not respond. Dkt. # 107. The Court denied this motion and required Defendants to explain why the documents in question should be filed under seal. Dkt. # 118. Defendants' Motion followed. Dkt. # 119. For the reasons that follow, the Court **GRANTS** Defendants' Motion.

ORDER- 1

"There is a strong presumption of public access to the court's files." Western District of Washington Local Civil Rule ("LCR") 5(g). "Only in rare circumstances should a party file a motion, opposition, or reply under seal." LCR 5(g)(5). Normally the moving party must include "a specific statement of the applicable legal standard and the reasons for keeping a document under seal, with evidentiary support from declarations where necessary." LCR 5(g)(3)(B). However, where parties have entered a stipulated protective order governing the exchange in discovery of documents that a party deems confidential, "a party wishing to file a confidential document it obtained from another party in discovery may file a motion to seal but need not satisfy subpart (3)(B) above. Instead, the party who designated the document confidential must satisfy subpart (3)(B) in its response to the motion to seal or in a stipulated motion." LCR 5(g)(3). A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal citations omitted). For dispositive motions, the presumption may be overcome by demonstrating "compelling reasons." *Id.*; *Foltz v. State Farm Mutual Auto. Ins. Co.*, 331 F.3d 1135-36 (9th Cir. 2003).

The Court finds that Defendants have made the requisite showing to support the sealing of these documents. Defendants adequately show that the documents in question contain proprietary business information, the public release of which may cause harm to Defendants. Defendants have also apparently sought to minimize the amount of information kept under seal, seeking only to seal a small portion of the many pages of documents filed in this case. Moreover, Plaintiff did not file an opposition to the motion, therefore admitting to the motion's merit. Local Rules W.D. Wash. LCR 7(b)(2).

The Court accordingly **GRANTS** Defendants' Motion to Seal. Dkt. # 119. Defendants may maintain Exhibit 3-A to the Declaration of Jason E. Anderson under seal.

Dated this 11th day of March, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge