The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SPENCER ALPERT, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company; HARWOOD SERVICE COMPANY, a Delaware corporation; AMERICAN SECURITY INSURANCE COMPANY, a Delaware corporation; STANDARD GUARANTY INSURANCE COMPANY, a Delaware corporation; and, ASSURANT, INC., a Delaware corporation,<br><br>    Defendants. | Case No. 2:15-cv-01164-RAJ<br><br>**ORDER REMANDING ACTION TO KING COUNTY SUPERIOR COURT** |

    This matter comes before the Court on Defendants' Motion to Dismiss (Dkt. # 129).  For the reasons stated below, the Court concludes that it does not have subject matter jurisdiction under 28 U.S.C. § 1332.  Defendants' Motion to Dismiss (Dkt. # 129) is therefore terminated and this matter is remanded to King County Superior Court.

ORDER - 1

## I. BACKGROUND

This case is about force-placed insurance. In 2006, Plaintiff obtained a mortgage loan. Dkt. # 43 (Amended Complaint) at ¶ 39. Aurora Bank ("Aurora") was an early servicer of the loan until 2012, at which time Nationstar Mortgage LLC ("Nationstar") took over as the loan servicer. *Id*. at ¶ 42. Plaintiff's mortgage agreement included a Property Insurance provision that required Plaintiff to maintain a certain level of insurance. *Id*. at 40. If Plaintiff's coverage lapsed, then the agreement authorized Nationstar to obtain the proper amount of coverage. *Id*. The agreement provided, in part, that:

> If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability, and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained.

*Id*. The agreement further provided that, "[i]f Borrower fails to perform the covenants and agreements contained in this Security instrument . . . then Lender may do and pay for whatever is reasonable and appropriate to protect the Lender's interest in the Property . . . including protecting and/or assessing the value of the Property . . . ." *Id*. at ¶ 41.

Plaintiff claims that he had his own insurance policy with Safeco Insurance Company ("Safeco") through July 2013, which Aurora can verify. Dkt. # 43 (Amended Complaint) at ¶ 42. Nonetheless, Nationstar force-placed insurance on his property beginning in July 2012. Plaintiff contests the force-placed policy from July 2012 to July 2013 but concedes that "[a]t some time," his voluntary insurance policy indeed lapsed. *Id*. at ¶ 42.

ORDER - 2

1         According to Plaintiff, Nationstar and the insurance companies operate a kickback scheme that results in inflated premiums for borrowers who have force-placed insurance on their property. . Dkt. # 43 (Amended Complaint) at ¶ 9.  In his Amended Complaint, Plaintiff explains that Assurant Inc. ("Assurant") operates through its subsidiaries, American Security Insurance Company (ASIC) and Standard Guaranty Insurance Company (SGIC), to monitor loans. *Id.*  When a borrower's coverage lapses, SGIC and ASIC work with Nationstar's broker, Harwood Service Company ("Harwood"), to place the proper insurance policy. *Id*. at ¶ 10.  Once the policy is placed, Nationstar pays the associated premiums to the insurers and charges that premium to the borrower. *Id*. at ¶ 26.  Plaintiff alleges that SGIC and ASIC would then pay commissions to Harwood and/or Nationstar, but these commissions were actually kickbacks used to secure an exclusive relationship. *Id*. at ¶ 9.  Moreover, Plaintiff asserts that Nationstar maintains an "umbrella policy" with the insurers such that Harwood's services are unnecessary. *Id*. at ¶ 24.

Plaintiff claims that the premiums include an extra amount designated for the kickbacks, as well as extra amounts for potential costs and charges associated with servicing. *Id*. at ¶ 30.  This amount is paid back to Nationstar but not to the borrowers. Therefore, Plaintiff alleges that he paid "hyper-inflated premiums" for his force-placed insurance policy.  Id. at ¶ 30.

Along with the issue of inflated premiums, Plaintiff also alleges that the Defendants overvalued his property such that it would qualify for higher premiums. *Id*. at ¶¶ 133, 134.  Plaintiff claims this pattern of overvaluation is a widespread and common practice for Defendants. *Id*. at ¶ 147.  On June 10, 2015, Plaintiff "obtained a quote for standard insurance on his home from Commerce West Insurance Company," and found that this premium was less than his current force-placed insurance premium. *Id*. at ¶ 48.

ORDER - 3

He also noticed that the quote from Commerce West Insurance Company was "similar to what he was previously paying to Safeco." *Id.*

On July 2, 2015, Plaintiff sued ASIC, SGIC, Assurant, Nationstar, and Harwood Service Company in King County Superior Court, alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment, violation of the Washington Consumer Protection Act ("CPA"), violation of the Truth in Lending Act ("TILA"), tortious interference, breach of fiduciary duty, and violations of the Racketeer Influenced and Corruption Act ("RICO"). Dkt. # 1-1. Defendants removed to this Court. Dkt. # 1.

Defendants moved to dismiss in August 2015. Dkt. ## 17-23. While these motions were pending, Plaintiff moved to amend his Complaint. Dkt. # 34. The Court granted Plaintiff's motion to amend and dismissed the motions to dismiss filed by the Defendants. Dkt. # 42. On March 3, 2016, Plaintiff filed his Amended Complaint, asserting thirteen claims. Dkt. # 43. Defendants again moved to dismiss arguing that Plaintiff's claims were barred by the Filed-Rate Doctrine. Dkt. ## 46-48. The Court dismissed all but three of Plaintiff's claims: Count 11 (breach of contract), Count 12 (CPA), and Count 13 (breach of contract). Dkt. # 58.

On June 1, 2018, Defendants Nationstar and Harwood moved for summary judgment, which Plaintiff countered by cross-moving for summary judgment. Dkt. ## 96, 101. On March 14, 2019, this Court entered an order granting Defendants' Motion for Summary Judgment as to Counts 12 and 13 and denying Defendants' Motion as to Count 11. Dkt. # 123. The Court denied Plaintiff's Motion for Summary Judgment. *Id.* Plaintiff's remaining breach of contract claim, Count 11, alleges that Nationstar breached the deed of trust when it "artificially selected an inflated value" of the Property which, in turn, allowed Nationstar to "charge higher premiums than it could have charged if it had correctly valued the [Property]". Dkt. # 43, ¶¶ 131-39.

ORDER - 4

Defendants Nationstar and Hardwood now move to dismiss Plaintiff's Amended Complaint for lack of subject matter jurisdiction. Dkt. # 129. Specifically, Defendants argue that the Court no longer has jurisdiction over this matter because the one remaining claim is a state law claim and diversity jurisdiction is lacking because the amount in controversy is below the $75,000 threshold. Dkt. # 129 at 2.

## II. DISCUSSION

### A. Amount In Controversy

Under 28 U.S.C. § 1332, district courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 ... and is between citizens of different states." In general, a plaintiff need only include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold, unless it appears to a legal certainty that the plaintiff cannot recover that amount. *See Pachinger v. MGM Grand Hotel-Las Vegas, Inc*., 802 F.2d 362, 363-64 (9th Cir. 1986). The legal certainty test applies "when a rule of law or limitation of damages would make it virtually impossible for a plaintiff to meet the amount-in-controversy requirement." *Pachinger*, at 364. If the plaintiff alleges a sum that will, as a legal certainty, fall below the jurisdictional threshold, then the court must dismiss the case. *Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015) (adopting the "legal certainty" standard).

If the jurisdictional amount is challenged, then the party invoking the jurisdiction of the federal court has the burden to support its allegations through the submission of "summary-judgment type evidence relevant to the amount in controversy" as it existed at the time of filing. *See Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997); *see also Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 403 (9th Cir. 1996) (quoting *Hale v. Billups of Gonzales, Inc.*, 610 F. Supp. 162 (M.D. La. 1985)).

Defendants argue that the amount in controversy in this matter is not satisfied because Plaintiff is only seeking damages in the amount of the difference between the

ORDER - 5

total premiums charged ($17,318.00) and what the premiums should have been had Defendants properly valued the property.  Dkt. # 129 at 12.  Because this is clearly less than the $75,000 threshold, Defendants contend that the amount in controversy requirement is not met and the Court lacks subject matter jurisdiction under 28 U.S.C. § 1332.  *Id.*  Plaintiff concedes that the damages requested are not sufficient to establish subject matter jurisdiction but argues that the Court should also incorporate attorneys' fees into its calculation.  Dkt. # 133 at 11.

Although the diversity statute provides that calculations are made without regard to interest or costs, there is an exception to this rule.  "[A]ttorneys' fees awarded under <u>fee-shifting statutes</u> or <u>contracts</u> are included in the amount in controversy." *Fritsch v. Swift Transp. Co. of Arizona*, 899 F.3d 785, 793 (9th Cir. 2018) (citations omitted) (emphasis added); *see also Johnson v. Tractor Supply Co.,* No. 19-CV-0270, 2019 WL 2004436, at *3 (W.D. Wash. May 7, 2019), *leave to appeal denied,* No. 19-80064, 2019 WL 3916608 (9th Cir. July 31, 2019) (incorporating attorneys' fees into amount in controversy calculation where underlying wage and hour fee-shifting statute provided for attorneys' fees).

Plaintiff points to Washington statute RCW 4.84.330 to support his argument that he is entitled to attorneys' fees.  Dkt. # 133 at 11.  RCW 4.84.330 provides:

> In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

But Plaintiff's reliance on RCW 4.84.330 is misplaced.  The Washington Supreme Court has previously held that RCW 4.84.330 "is not a fee-shifting statute" because a fee-shifting statute is designed to "punish frivolous litigation and encourage meritorious

ORDER - 6

litigation" while the purpose of RCW 4.84.330 is to make unilateral contract provisions bilateral. *Wachovia SBA Lending, Inc. v. Kraft*, 165 Wash. 2d 481, 489–90 (2009). As a result, RCW 4.84.330 does not warrant the inclusion of attorneys' fees into the amount in controversy calculation.

Because RCW 4.84.330 is not a fee-shifting statute, the Court must consider whether the relevant contract, the deed of trust (Dkt. # 98, Ex. B), provides for attorneys' fees. Here, Plaintiff points to two provisions in the deed of trust that he contends allow for the award of attorneys' fees. Dkt. # 133 at 8. Under Section 26 of the deed of trust, the "[l]ender shall be entitled to recover its reasonable attorneys' fees and costs in any action or proceeding to construe or enforce any term of this Security Instrument." Dkt. # 98, Ex. B. Similarly, under Section 9 of the deed of trust, "[i]f Borrower fails to perform the covenants and agreements contained in this Security Instrument . . . then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property . . . [including] paying reasonable attorneys' fees . . . ." Dkt. # 133 at 8. While each of these provisions allow for the award of attorneys' fees to the <u>lender</u> (in this case the Defendants), neither provision allows for the award of attorneys' fees to the <u>borrower</u> (in this case the Plaintiff). Dkt. # 98, Ex. B.

Plaintiff argues that he is still entitled to attorneys' fees pursuant to the contract because if he prevails in his breach of contract claim, he is entitled to fees under RCW 4.84.330. Dkt. # 133 at 12. Even if that is true, for the purposes of this jurisdictional analysis, attorneys' fees may only be included in the amount in controversy calculation if they are provided under a <u>contract</u> or a <u>fee-shifting statute</u>. *Fritsch,* at 793. Because RCW 4.84.330 is not a fee-shifting statute and Plaintiff has identified no provisions in the contract awarding him (as the borrower) attorneys' fees, the Court finds that it lacks subject matter jurisdiction over this matter under 28 U.S.C. § 1332.

ORDER - 7

### B. Supplemental Jurisdiction

In the event the Court determines that is does not have subject matter jurisdiction, Plaintiff asks the Court to exercise supplemental jurisdiction over the remaining state law claim. Dkt. # 135 at 14. Under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over all claims within the same case or controversy as a claim conferring original jurisdiction. 28 U.S.C. § 1367(a). But it is within the discretion of the Court to decline supplemental jurisdiction over remaining state claim(s) and remand the matter to state court. *See* 28 U.S.C. § 1367(c)(3); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (finding that "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right.") (citations omitted); *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966) ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.").

The Court has now dismissed all of Plaintiff's federal claims upon which removal was originally based. Dkt. ## 58, 123. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claim. In the interest of justice, rather than dismissing the remaining state claim, the Court remands this matter to the state court from which it was removed. *See* 28 U.S.C. § 1447(c).

The Court strongly encourages the state court to adopt this Court's rulings and not renew discovery or open the door for a new volley of motion practice. This matter is ready for trial and should be resolved at trial.

### III. CONCLUSION

For the foregoing reasons, the Court declines to exercise jurisdiction over this matter due to a lack of subject matter jurisdiction under 28 U.S.C. § 1332. Defendant's

ORDER - 8

Motion to Dismiss is terminated and the Clerk is directed to remand this action to King County Superior Court.

DATED this 12th day of September, 2019.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER - 9